UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
Dong Yuan, individually and on behalf of all other
Employees similarly situated,

        *Plaintiff(s)*,

-against-

& HAIR LOUNGE INC., & HAIR LOUNGE II INC.,
MIN FEI CHEN a/k/a. Wendy Chen, and CHEN LUNG
LU a/k/a Edison Lu, John Doe #1-10 and Jane Doe #1-10

        *Defendants*.
----------------------------------------------------------------X

Docket Number: 18-CV-11905

**Class and Collective Action Complaint**

Plaintiff Dong Yuan ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hui Chen & Associates, PLLC, hereby files this complaint against the Defendants & HAIR LOUNGE INC., & HAIR LOUNGE II INC, MIN FEI CHEN a/k/a. Wendy Chen, and CHEN LUNG LU a/k/a Edison Lu, John Doe #1-10 and Jane Doe #1-10 (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.     This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.      Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) compensation for wages paid at less than the statutory minimum wage; (2) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law § 650 et seq. and the supporting New York State Department of Labor regulations; (3) unpaid "Spread of Hours" premium; (4) compensation for failure to provide wage notice at the time of hiring and failure to provide pay stubs in violation of the NYLL; (5) liquidated damages equal to the sum of unpaid "Spread of Hours" premium, and unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

### Plaintiff

7.  Plaintiff Dong Yuan is a resident of Queens County New York and was employed as a hair salon assistant by Defendant & HAIR LOUNGE INC. with its principal place of business at 335 East 9th Street, New York, New York 10003 from August 1, 2016 to August 31, 2017; and was employed as a hair salon assistant and a hair designer by Defendant & HAIR LOUNGE II INC. with its principal place of business at 131-133 Thompson Street, Space #3, New York, New York 10012 from April 20 2018 to October 31 2018.

### CORPORATE DefendantS

8.  Upon information and belief, Corporate Defendant, & HAIR LOUNGE INC. is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 335 East 9th Street, New York, New York 10003.

9.  Upon information and belief, Corporate Defendant, & HAIR LOUNGE II INC. is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 131-133 Thompson Street, Space #3, New York, New York 10012.

10. Upon information and belief, at all times relevant hereto,  & HAIR LOUNGE INC. and & HAIR LOUNGE II INC. are businesses or enterprises engaged in interstate commerce

employing more than twelve (12) employees each and earning gross annual sales over Five Hundred Thousand Dollars ($500,000) each.

11. Upon information and belief, at all relevant times hereto, & HAIR LOUNGE INC. and & HAIR LOUNGE II INC. have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

12. & HAIR LOUNGE INC. and & HAIR LOUNGE II INC. constitute enterprises within the meaning of the FLSA, 29 U.S.C § 203(r).

13. & HAIR LOUNGE INC. and & HAIR LOUNGE II INC. have been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## INDIVIDUAL DefendantS

14. Upon information and belief, Defendant Min Fei Chen and Chen Lung Lu are husband and wife. Defendant Min Fei Chen and Chen Lung Lu make business decisions together.

15. Upon information and belief, Defendants Min Fei Chen, Chen Lung Lu, John Doe #1-10 and Jane Doe #1-10 are the owners, officers, directors and/or managing agents of & HAIR LOUNGE INC. is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 335 East 9th Street, New York, New York 10003 and participated in its day-to-day operations, acted intentionally and maliciously, as an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder and is jointly and severally liable with & HAIR LOUNGE INC.

16.     Upon information and belief, Defendants Chen Lung Lu, Min Fei Chen, John Doe #1-10 and Jane Doe #1-10 are the owners, officers, directors and/or managing agents of & HAIR LOUNGE II INC. is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 131-133 Thompson Street, Space #3, New York, New York 10012 and participated in its day-to-day operations, acted intentionally and maliciously, as an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder and is jointly and severally liable with & HAIR LOUNGE II INC.

17.     Upon information and belief, Defendants Min Fei Chen, Chen Lung Lu, John Doe #1-10 and Jane Doe #1-10 own the stock of & HAIR LOUNGE INC. and stock of & HAIR LOUNGE II INC. and manages and makes all business decisions including but not limited to hiring and firing of the employees, the amount in salary the employees will receive and the number of hours employees will work.

18.     At all times relevant herein, & HAIR LOUNGE INC. and & HAIR LOUNGE II INC. were, and continue to be, "enterprises engaged in commerce" within the meaning of FLSA.

19.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by & HAIR LOUNGE INC. and & HAIR LOUNGE II INC.

20.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

21.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

22. Defendants committed the following alleged acts knowingly, intentionally and willfully.

23. Defendants knew that the nonpayment of overtime pay, unpaid "Spread of Hours" premium, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

24. From August 1, 2016 to August 31, 2017, Plaintiff Dong Yuan was hired by Defendants as a hair salon assistant at Defendants' hair salon located at 335 East 9th Street, New York, New York 10003.

25. From August 1, 2016 to August 31, 2017, Plaintiff was paid no wage, but 30% of tips Defendants alleged to have earned. During this period, Plaintiff worked from 10:00 am to 11:00 pm everyday. Most of the days when Plaintiff worked for Defendants, Plaintiff started working at 10:00 am, and took off from work between 11:00 pm and 12:00 pm. During this period, Plaintiff worked approximately ninty-four and a half (94.5) hours per week of his employment with Defendant & HAIR LOUNGE INC.

26. From April 20, 2018 to July 31, 2018, Plaintiff Dong Yuan was hired by Defendants as a hair salon assistant at Defendants' hair salon located at 131-133 Thompson Street, Space #3, New York, New York 10012.

27. From April 20, 2018 to July 31, 2018, Plaintiff was paid a fixed wage of $10 per day, plus 30% of tips Defendants alleged to have earned. During this period, Plaintiff worked from 10:00 am to 8:00 pm everyday. During this period, Plaintiff worked approximately Seventy (70) hours per week of his employment with Defendant & HAIR LOUNGE II INC.

28.     From August 1, 2018 to October 31, 2018, Plaintiff Dong Yuan was hired by Defendants as a hair designer at Defendants' hair salon located at 131-133 Thompson Street, Space #3, New York, New York 10012.

29.     From August 1, 2016 to October 31, 2018, Plaintiff was paid a fixed wage of $10 per day, plus 70% of tips Defendants alleged to have earned. During this period, Plaintiff worked from 10:00 am to 8:00 pm everyday. During this period, Plaintiff worked approximately Seventy (70) hours per week of his employment with Defendant & HAIR LOUNGE II INC.

30.     Defendants' failure to pay Plaintiff an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

31.     Plaintiff was not given any fixed breaks or meal time.

32.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked, thus failed to keep full and accurate records of Plaintiff's hours and wages. Defendants never furnished any notice of their usage of tip credit.

33.     Defendants did not compensate Plaintiff overtime compensation according to state and federal laws. Plaintiff was not compensated for New York State's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

34.     Defendants failed to provide Mr. Yuan with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia, Defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signatures acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

35. Defendants committed the following alleged acts knowingly, intentionally and willfully.

36. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

37. Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

38. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

39. Defendants failed to keep full and accurate records of Plaintiff's hours, tips and wages.

40. Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## COLLECTIVE ACTION ALLEGATIONS

41. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

42. Defendants knowingly and willfully operated their business with a policy of not paying the New York State unpaid "Spread of Hours" premium to Plaintiff and other similarly situated employees.

43. Plaintiff brings this action individually and on behalf of all other and former non- exempt employees who have been or were employed by the Defendants at each of their hair salons locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

44. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

45. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of

employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

48. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

      a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

      b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c.  Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

49. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## COUNT I
### (Fair Labor Standards Act – Minimum Wage)

51. Mr. Yuan, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, Defendants employed Mr. Yuan and the Collective Action Members within the meaning of the FLSA.

53. Defendants failed to pay a salary greater than the minimum wage to Mr. Yuan and the Collective Action Members for all hours worked.

54. As a result of Defendants' willful failure to compensate Mr. Yuan and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate the FLSA 29 U.S.C. § 201 et seq., including 29 U.S.C. § 206.

55. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

56. Due to Defendants' FLSA violations, Mr. Yuan and the Collective Action Members are entitled to recover from Defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (New York Labor Law – Minimum Wage)

57. Mr. Yuan repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Mr. Yuan was employed by Defendants within the meaning of the New York Labor Law, §2 and 651.

59. Defendants willfully violated Mr. Yuan's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law § 190-199, 652 and their regulations.

60. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61. Due to Defendants' New York Labor Law violations, Mr. Yuan is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III
### (Fair Labor Standards Act - Overtime)

62. Mr. Yuan, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Defendants employed Mr. Yuan and each of the Collective Action Members within the meaning of the FLSA.

64. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

65. As a result of Defendants' willful failure to compensate their employees, including Mr. Yuan and the Collective Action Members, at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and 215(a).

66. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

67. Due to Defendants' FLSA violations, Mr. Yuan and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal

amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV
### (New York Labor Law - Overtime)

68. Mr. Yuan repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, Mr. Yuan was employed by Defendants within the meaning of the New York Labor Law, § 2 and § 651.

70. Defendants willfully violated Mr. Yuan's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law § 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 137 and 12 N.Y.C.R.R. § 146.

71. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

72. Due to Defendants' New York Labor Law violations, Mr. Yuan is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V
### (New York Labor Law – Spread of Hours)

73. Mr. Yuan repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

74. At all relevant times, Mr. Yuan was employed by Defendants within the meaning of the New York Labor Law, § 2 and § 651.

75. Defendants willfully violated Mr. Yuan's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law § 650 et seq. and its regulations in 12 N.Y.C.R.R § 137-1.7 and 12 N.Y.C.R.R. § 146-1.6.

76. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

77. Due to Defendants' New York Labor Law violations, Mr. Yuan is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI
### (New York Labor Law – Unlawful deductions)

78. Mr. Yuan repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

79. At all relevant times, Mr. Yuan was employed by Defendants within the meaning of the New York Labor Law, § 2 and § 651.

80. Mr. Yuan was required to incur various expenses on behalf of Defendants in the course of his employment.

81. Defendants failed to reimburse Mr. Yuan for these expenses.

82. These failures to reimburse Mr. Yuan constitute de facto deductions from wages.

83. These de facto deductions were not for the benefit of Mr. Yuan and are not among the legitimate deductions authorized by New York Labor Law § 193.

84. Moreover, these unreimbursed expenses brought Mr. Yuan's wages below the minimum wage, in violation of 12 N.Y.C.R.R. § 146-2.7(c).

85. As a result, Defendants have violated New York Labor Law.

86. These violations were willful, and lacked a good faith basis, within the meaning of New York Labor Law §198, § 663 and supporting regulations.

87. Due to Defendants' New York Labor Law violations, Mr. Yuan is entitled to recover from Defendants compensation for these unreimbursed expenses, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT VII
**(Violation of New York Labor Law—Time of Hire Wage Notice Requirement)**

88. Mr. Yuan re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

90.     Due to the Defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII
### (Violation of New York Labor Law—New York Pay Stub Requirement)

91.     Mr. Yuan re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

93.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

94.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT IX
### (Violation of New York Labor Law—Failure to Keep Records)

95. Mr. Yuan re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

97. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the New York state law.

98. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

99. Defendant's failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Yuan and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.  An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.  Damages for Defendants' illegal retention of a portion of employee tips;

i.  Compensation for monies deducted from Plaintiff's pay via unreimbursed expenses in violation of New York Labor Law;

j.  Liquidated damages for Defendants' New York Labor Law violations;

k.  Statutory damages for Defendants' violation of the New York Wage Theft Prevention Act;

l.  Back pay;

m.  Punitive damages;

n.  An award of prejudgment and postjudgment interest;

o.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

p.       Such other, further, and different relief as this Court deems just and proper.

Dated:       Flushing, New York
               December 18, 2018

                                             Hui Chen and Associates, P.L.L.C.

                                             _/s/ Hui Chen_____
                                             By:  Hui Chen, Esq.
                                             136-20 38th Ave., Suite 9E
                                             Flushing, NY 11354
                                             Tel:  (718) 463-2666
                                             Email: hui.chen@alum.cardozo.yu.edu
                                             *Attorneys for Plaintiff(s)*