UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2019

DONG YUAN, et al.,

        Plaintiffs,

-against-

& HAIR LOUNGE INC., et al.,

        Defendants.

18-CV-11905 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiffs' letter-motion dated December 24, 2019 (Dkt. No. 80), is GRANTED IN PART for the reasons that follow.

Defendants' "Notice Mailing List dated November 20, 2019," a copy of which was furnished to the Court during today's conference, does not comply with ¶ 1 of this Court's Memorandum and Order dated November 7, 2019 (Dkt. No. 70), in that the list does not contain "the names, current or last known mailing addresses, current or last known email addresses, and (for former employees only) current or last known telephone numbers of *all* hair designers and hair salon assistants employed at either of defendants' salons on or after December 21, 2015, together with their dates of employment." (Emphasis added.) Among other things, defendants' list contains only 15 names, *cf.* Chen Lung Lu Decl. (Dkt. No. 40) ¶¶ 9-10 (attesting that a minimum of 14 employees work at each of the two hair salons identified therein "[o]n any given day"), and only employees who continued to work for both salons into 2019.

Additionally, plaintiffs raised the question, during today's conference, as to whether one or both of the individual defendants operate a third hair salon, through a New York corporation

named Hair Lounge III, Inc. (Hair Lounge III), and if so, whether the employees of Hair Lounge III could or should be included in the conditionally certified collective in this action.[1]

Consequently, for the reasons discussed during today's conference:

1. Paragraph 3 of this Court's Order dated December 20, 2019 (Dkt. No. 79), is VACATED.

2. Counsel for the parties shall promptly meet and confer, in good faith, to discuss whether the complaint should be further amended or the collective expanded to include hair designers and hair salon assistants at Hair Lounge III.

3. On or before **January 10, 2020**, defendants shall serve on plaintiffs an updated list containing the names (including nicknames used for work purposes), current or last known mailing addresses, current or last known email addresses, and (for former employees only) current or last known telephone numbers of *all* hair designers and hair salon assistants employed at *any* of defendants' salons on or after December 21, 2015, together with their dates of employment. Defendants shall use all reasonable efforts to ensure that the list is as complete and accurate as possible given the information available to them.

4. On or before **January 10, 2020**, the parties shall submit a joint status letter to the Court in which they:

   a. Attach the updated employee list required by ¶ 3 of this Order;

   b. Briefly provide their views as to whether the updated list is reasonably complete and accurate (and if not, why not)

   c. Report as to whether they have reached agreement on further amending the complaint and/or expanding the collective (and if not, why not); and

---

[1] As the Court noted during the conference, the parties' pleadings and motion papers have repeatedly stated that the individual defendants operate (and the plaintiffs worked at) *two* hair salons, not three. *See, e.g.*, Am. Compl. (Dkt. No. 31) ¶¶ 7-18; Dong Yuan Decl. (Dkt. Nos. 33-5 & 69-1) ¶ 4; Xuanhau Xu Decl. (Dkt. No.33-7) ¶ 3; Chen Lung Lu Decl. ¶¶ 4-10; Min Fei Chen Decl. (Dkt. No. 41) ¶¶ 3-5, 11; Barry Chan Decl. (Dkt. No. 42) ¶¶ 3-4. After more than one year of litigation – during which plaintiffs amended their complaint, the parties exchanged discovery, and the Court granted plaintiffs' contested motion for conditional certification of a collective action, pursuant to 29 U.S.C. § 216(b), covering certain employees at the *two* hair salons in issue – it is now very late in the day for plaintiffs to raise the possibility of a third salon, owned through a third corporation, a further amendment to the complaint, and/or an expanded collective. However, according to the New York State Department of State, Division of Corporations, Hair Lounge III – a domestic business corporation formed in 2013 – has as its registered agent Chen Lung Lu, one of the individual defendants in this action.

d.  If they have agreed to expand the collective, attach a revised version of the approved Notice and Consent Form (Dkt. No. 79, at ECF pages 2-7), redlined to show the proposed changes.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 80.

Dated: New York, New York
      December 30, 2019

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**