# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718)
41-25 Kissena Boulevard, Suite 103, Flushing, NY 1

January 4, 2020

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2020**

**MEMO ENDORSED**

*Via* **ECF**
Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   Plaintiff's Letter Motion for Telephone Conference with regards to
>        Prospective Defendant Hair Lounge III Inc.
>        18-cv-11905 *YUAN et al v. & HAIR LOUNGE INC. et al.*

Your Honor,

This office represents the Plaintiffs in the above-referenced matter. We write, respectfully, to request a brief telephone conference with regards to the issue of the prospective defendant HAIR LOUNGE III Inc.

We propose the telephone conference to be set to:

- **January 7, 2020 after 1500;**
- **January 8, 2020 after 1500**; or anytime up to the Court's convenience.

As Your Honor is well aware, the Plaintiffs intend to amend First Amended Complaint to include a third corporate Defendant HAIR LOUNGE III Inc. which is an active New York corporation having its principal place of business at 1727 2nd Avenue, New York, NY 10128. *See Corporate Search* (**Exhibit 1**). Because the Court has directed the parties to confer in good faith concerning the issue, we have forwarded the entity's information to the Defendants. However, Defendants responded that they did not recognize it and stated that, "[a]ssume [they] recognize it, [they] do not think the Plaintiffs should be allow[ed] to amend the complaint at this stage."

Evidence available to the Plaintiffs' shows a different picture. Defendant CHEN LUNG LU a/k/a Edison Lu is a well-known hair stylist and entrepreneur in the fashion industry who started off his first salon "& Hair Lounge" in Manhattan and has expanded the salons to multiple locations. *See AsianInNY Article* (**Exhibit 2**). By simple Google search terms "Edison LU hair salons multiple locations," three salons pop up on the top of the list which include: (i) & Hair Lounge, located at 335 E 9th St (& Hair Lounge Inc.); (ii) Edison Lu, located at 1721 2nd Ave (Hair Lounge III Inc.); and (iii) & Hair Lounge, located at 131 Thompson St (& Hair Lounge II Inc.). *See Edison LU Google Search* (**Exhibit 3**). In addition to operating business with the same phone number, both Hair Lounge III Inc. and & Hair Lounge II Inc. list Defendant LU as an individual to accept process on behalf of the entities. *See* Exhibits 1, 2. Clearly, the prospective

defendant HAIR LOUNGE III Inc. has a connection with the other two Corporate Defendants and Defendant LU. The fact that Plaintiff Yuan used to work at all three locations during the relevant period of his employment confirms this connection. Therefore, the Defendants' response is an ignorance of the facts and the Court's Order.

As aforementioned, Plaintiffs would like to amend their First Amended Complaint to include the prospective defendant HAIR LOUNGE III Inc. and expand the FLSA Collective. Respectfully, the plaintiffs intend to request for court leave for such, while the plaintiffs wish to resolve between the parties without motion practice.

The Plaintiffs sincerely admit the delay of the issue before the Court. For the foregoing reasons, the Plaintiffs respectfully request a brief telephone conference to discuss the issue before January 10, 2020, the deadline for the Defendants to produce a complete name list and the parties to submit a joint status letter. Should the telephone conference be fruitful, the parties can avoid any motion practice and any delay to the production of FLSA notice mailing list.

We thank the Court for its attention to and consideration of this matter.

> Respectfully submitted,
> TROY LAW, PLLC
>
> /s/ John Troy
> John Troy
> *Attorney for Plaintiffs*

JT/ll

cc: via ECF
    all counsel of record

---

Application DENIED. In accordance with the Court's Order dated December 30, 2019 (Dkt. No. 82), if the parties cannot reach an agreement on further amending the complaint and/or expanding the collective, they shall so report on or before January 10, 2020, which is also the deadline for submitting the updated employee list. SO ORDERED.

Barbara Moses, U.S.M.J.
January 6, 2020

2