USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONG YUAN, et al.,

        Plaintiffs,

-against-

& HAIR LOUNGE INC., et al.,

        Defendants.

18-CV-11905 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated December 30, 2019 (Dkt. No. 82), the Court gave defendants until January 10, 2020 to serve an "updated list containing the names (including nicknames used for work purposes), current or last known mailing addresses, current or last known email addresses, and (for former employees only) current or last known telephone numbers of all hair designers and hair salon assistants employed at defendants' salons on or after December 21, 2015, together with their dates of employment," and directed the parties to attach that list to the joint status letter they were required to file by the same date. *See* Dec. 30 Order ¶¶ 3, 4(a).

On January 10, 2020, the parties submitted their joint status letter. (Dkt. No. 85.) Defendants report that their updated contact list is "complete," but acknowledge that they did not "maintain the contact information" for certain "freelancers" included within the collective that this Court has conditionally certified. Jan. 10 Letter at 1. Plaintiffs, for their part, complain that the updated list contains only 21 names, which in their view means it cannot possibly be complete, and renew their request for an order authorizing publication notice at defendants' expense. *Id*. at 2. The parties failed to attach the updated contact list to their letter as directed.

In addition, plaintiffs renew their request – first made orally on December 30, 2019, and repeated in their letter dated January 4, 2020 (Dkt. No. 84) – for leave to "amend their First

Amended Complaint" to include a third corporate defendant, known as Hair Lounge III, Inc., which according to plaintiffs operates a third hair salon under the control of individual defendant Chen Lung Lu a/k/a Edison Lu, and "expand the FLSA collective certification" to include the employees at that location. Jan. 10 Letter at 2.

Leave to further amend the pleadings or expand the conditionally certified collective is DENIED. The deadline to amend the pleadings was April 4, 2019 (Dkt. No. 22, ¶ 3), which is when plaintiffs filed their operative First Amended Complaint. (Dkt. No. 31.) Thereafter, the fact discovery cutoff came and went (*see* Dkt. No. 22, ¶ 5) and plaintiffs moved for conditional certification of a collective including hair designers and hair salon assistants at *two* hair salons, operated by *two* corporate defendants under the control of Edison Lu or his wife, defendant Min Fei Chen a/k/a Wendy Chen. (Dkt. No. 33.) The Court granted that motion on November 7, 2019 (Dkt. No. 70), but notice to the members of the collective has not yet been distributed, due in part to difficulties with the form of the notice itself and in part to the alleged inadequacy of defendants' contact list. Any further delay in providing notice will prejudice the members of the collective, because "the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011); *accord Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997); *see also* 29 U.S.C. § 256(b) (FLSA action "shall be considered to be commenced," in the case of any individual claimant not named in the complaint, "on the subsequent date on which [that claimant's] written consent is filed in the court in which the action was commenced.").

Moreover, plaintiffs have failed adequately to explain their delay in seeking to include a

new defendant and a new location. Plaintiffs' counsel, John Troy, Esq., acknowledges that (i) the New York State Division of Corporations lists Hair Lounge III, Inc. in its publicly-accessible entity information database as a domestic corporation associated with Chen Lung Lu; (ii) when counsel performed a "simple Google search," "three salons" associated with that defendant "pop up on the top of the list," including the two locations already included in this action and the address of Hair Lounge III, Inc.; and (iii) individual plaintiff Dong Yuan "used to work at all three locations during the relevant period of his employment." Jan. 4 Letter at 1-2 & Exs. 1, 3. Counsel offers no excuse for failing to notice (or act on) any of these facts until long after the amendment deadline passed and the Court conditionally certified a two-location collective. Plaintiffs have therefore failed to establish "good cause," as required by Fed. R. Civ. P. 16(b)(4), for a late amendment, *see Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party."); *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *2 (S.D.N.Y. Oct. 28, 2009) ("The party must show that, despite its having exercised diligence, the applicable deadline [set in the court's scheduling order] could not reasonably have been met."), and the Court need not reach the merits of the proposed amended pleading or expanded collective. *See*, *e.g.*, *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York & New Jersey*, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016) (having determined that plaintiffs "fail to show the requisite 'good cause' under Rule 16(b) to amend the complaint," the Court "need not consider the proposed amendment under the Rule 15(a) factors").

Given that defendants' updated contact list contains the names of only 21 individuals, and apparently does not include any information for individuals that defendants considered "freelancers" (but that plaintiffs believe to be employees entitled to the protection of the FLSA),

it is hereby ORDERED that:

1. No later than **January 21, 2020**, defendants shall post a copy of the Notice and Consent Form approved by the Court (Notice) (Dkt. No. 79), in English and Chinese, in a conspicuous location, easily accessible to employees, within each of the two hair salons (& Hair Lounge Inc., 335 East 9th Street, and & Hair Lounge II, Inc., 131-33 Thompson Street, Space #3) at issue in this action.

2. No later than **January 21, 2020**, plaintiffs' counsel shall transmit the Notice, in English and Chinese, to all known hair designers and hair salon assistants employed by defendants on or after December 21, 2015, by:

    a. First class mail to those potential opt-in plaintiffs whose mailing address is known; and

    b. Email to those potential opt-in plaintiffs whose email address is known.

3. The parties shall publish an abbreviated version of the Notice, in English and Chinese, as a quarter page ad in the A Section in the Northeast Region-NYC Metropolitan edition of the *World Journal* on one weekday and one weekend day on or before **February 11, 2020**, with defendants bearing the cost of such publication.

4. Beginning on **January 21, 2020**, plaintiffs' counsel may publish the Court-approved Notice on counsel's website(s), in English and Chinese, and may publish the abbreviated version of the Notice on counsel's social media pages.

Dated: New York, New York
       January 14, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**