**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Dong Yuan, on her own behalf and on behalf of others similarly situated,

Plaintiffs,

- against -

& HAIR LOUNGE INC., & HAIR LOUNGE II INC., MIN FEI CHEN a/k/a. Wendy Chen, and CHEN LUNG LU a/k/a Edison Lu, John Doe #1-10 and Jane Doe #1-10

Defendants.

Case No. 18-CV-11905

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Shan Zhu, Esq.

Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

## Table of Contents

**PRELIMINARY STATEMENT** .......... 5

**STATEMENT OF FACTS** .......... 5

**STANDARD OF REVIEW** .......... 6

**ARGUMENT** .......... 7

a) Formal Control .......... 10

b) Functional Control .......... 11

**CONCLUSION** .......... 14

# Table of Authorities

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) ........ 5
*Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) ........ 7
*Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)........ 7
*Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988) ........ 8, 13
*Carter*, 735 F.2d at 12........ 7
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ........ 5
*Celotex Corp.*, 477 U.S. at 323 ........ 5
*Freund v. Hi-Tech Satellite, Inc*., 185 F. App'x 782, 784 (11th Cir. 2006) ........ 12
*Glatt v. Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 526–27 (S.D.N.Y. 2013) ........ 8
*Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961) ........ 7
*Grenawalt v. AT&T Mobility LLC*, 642 Fed. Appx. 36, 37 (2d Cir. 2016)........ 8
*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 939 (S.D.N.Y. 2013) ........ 7, 8
*Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998) ........ 10
*Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 20 10)........ 6
*Irizarry v. Catsimatidis*, 722 F.3d........ 8
*Lopez v. Acme Am. Envtl. Co., Inc.*, No. 12 Civ. 511 (WHP), 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012) ........ 7
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)........ 6
*Saleem v. Corp. Transp. Grp., Ltd.,* 52 F. Supp. 3d 526, 538 (S.D.N.Y. 2014). ........ 10, 12
*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n. 13 (S.D.N.Y. 2010)........ 8
*United States v. Silk*, 331 U.S. 704, 91 L. Ed. 1757, 67 S. Ct. 1463 (1947)........ 8
*Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d ........ 7, 8

## statute

29 U.S.C. § 203(d)........ 6
Fed. R. Civ. Pro. 56(c) ........ 6
Fed. R. Civ. Pro. 56(e) ........ 6

This memorandum of law is respectfully submitted in support to the Defendants & Hair Lounge Inc., & Hair Lounge II Inc., Min Fei Chen a/k/a Wendy Chen, and Chen Lung Lu a/k/a Edison Lu (hereinafter "Defendants"), motion for summary judgment pursuant to Fed. R. Civ. P. 56.

**PRELIMINARY STATEMENT**

Plaintiff Dong Yuan commenced this action on December 20, 2018 and alleged, inter alia, minimum wage, overtime, under both the FLSA and NYLL and Unpaid Spread of Hours, Unlawful deductions, and notice violations under NYLL against the Defendants. (ECF No.1). In their Answer to the Complaint, Defendants denied all allegations. (ECF No. 15).

As set forth below, there is no genuine issue of material fact that the claims against the Defendants are improper because they are not an "employer" under the FLSA or the NYLL. Summary judgment as a matter of law should be entered in favor of Defendants, and against Plaintiff on all claims.

**STATEMENT OF FACTS**

Starting from April 1, 2017, Plaintiff Yuan entered a partnership agreement with the Defendants Hair Lounge to work as a freelancer or independent contractor. Defendants' Rule 56.1 Statement ¶¶ 2. Zhu Decl. ¶¶ 3 During his relationship with Defendants, Plaintiff Yuan made appointments with customers who contacted him via WeChat to perform dreadlocks service. Rule 56.1 Statement ¶¶ 4, ¶¶ 8. The Plaintiff also affirmed it is possible for him to schedule the service via WeChat. (Plaintiffs Counter Rule 56.1 statement ¶¶ 4). Further Plaintiff Yuan would have his own business and operating his own personal studio in connection with hair services. (Plaintiffs Counter Rule 56.1 statement ¶¶ 4).

Plaintiff Yuan would also set his service rate. Rule 56.1 Statement ¶¶ 5. Eventually, Plaintiff Yuan would rent or use the Defendants place to serve his client. Plaintiffs Counter Rule 56.1 statement ¶¶ 10. Accordingly, the Defendants would take 40% of the service fee received by Plaintiff Yuan. (Zhu Decl. ¶¶ 3)

Plaintiff Yuan would further decide his working schedule at his convenience. (Zhu Decl. ¶¶ 4). Specifically, Plaintiff Yuan would refuse to work with the Defendants because he has scheduled customers for dreadlock services. (Zhu Decl. ¶¶ 4). Plaintiff Yuan would also work at other hair salons during his relationship with the Defendants. Zhu Decl. ¶¶ 4, 5, Yuan Tr. 129:16-130:3, 128:18-23.

In addition, after been promoted as a hairstylist in July 2018, Plaintiff Yuan would further decide how his assistants were paid. Defendants Rule 56.1 Statement ¶¶ 26.

**STANDARD OF REVIEW**

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322-26; *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (2007).

The party seeking summary judgment must initially provide the court with the basis for its motion. *Celotex Corp*., 477 U.S. at 323. This requires the moving party to either establish that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the nonmoving party has not shown the requisite facts relating to an

essential element of an issue on which it bears the burden. *Id*. at 322–23. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party. To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial. *Celotex Corp*., 477 U.S. at 324.

Once a moving party satisfies its initial burden of establishing a prima facie case for summary judgment under Fed. R. Civ. Pro. 56(c), the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Fed. R. Civ. Pro. 56(e). Importantly, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 20 10) (citations omitted).

Because there exist no issues of material fact concerning Plaintiff Yuan is an independent contractor or freelancer to the Defendants, the Court should dismiss Plaintiff Yuan's FLSA and NYLL claims against the Defendants

**ARGUMENT**

The Court Should Dismiss the Plaintiff Yuan's FLSA Claims Against the Defendants Because Plaintiff Yuan Was not an Employee

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

"[W]hether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)).

"When it comes to 'employer' status under the FLSA, control is key." *Lopez v. Acme Am. Envtl. Co., Inc.*, No. 12 Civ. 511 (WHP), 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012); see also *Herman*, 172 F.3d at 135 ("[C]ontrol of employees is central to deciding whether appellant should be deemed an employer."). In assessing economic reality, the Second Circuit has articulated two tests for evaluating whether an employment relationship existed for the purposes of the FLSA: one relating to formal control and the other to functional control.

The formal control test inquires "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12 (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

> Formal control does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control do not diminish the significance of its existence.

*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 939 (S.D.N.Y. 2013) (citing *Herman*, 172 F.3d at 139) (internal quotation marks omitted).

As to the functional control test, the Second Circuit has identified a number of factors pertinent to determining whether a person or entity, even if lacking formal control, exercised "functional control" over an employee. In *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir. 2003)

In *Brock v. Superior Care, Inc*., 840 F.2d 1054 (2d Cir. 1988), the Second Circuit inquired whether "the workers depend upon someone else's business . . . or are in business themselves." *Id*. at 1059. The Second Circuit has clarified that the *Brock* factors are most relevant for "distinguishing between independent contractors and employees," and that the *Zheng* factors are most relevant in the context of subcontractor relationships, to determine whether a general contractor exerts sufficient control over the subcontractor's workers to support a finding of employer status. See *Grenawalt v. AT&T Mobility LLC*, 642 Fed. Appx. 36, 37 (2d Cir. 2016).

Thus, when evaluating whether Plaintiff Yuan is an employee within the meaning of FLSA, the Court should consider:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business

*Brock v. Superior Care, Inc*., 840 F.2d 1054, 1058-59 (2d Cir. 1988) (quoting *United States v. Silk*, 331 U.S. 704, 91 L. Ed. 1757, 67 S. Ct. 1463 (1947).

Under the NYLL, the standard for employer status is nearly identical to that of the FLSA. Compare NYLL § 190(3) ("'Employer' includes any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."), with 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."). Accordingly, courts in this District regularly apply the same tests to determine whether entities are joint employers under the NYLL and the FLSA. See *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n. 13 (S.D.N.Y. 2010); see also *Glatt v. Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 526–27 (S.D.N.Y. 2013) (collecting cases); see also *Hart*, 967 F. Supp. 2d at 940 (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013)) ("To be sure, the New York Court of Appeals has not yet resolved

whether NYLL's standard for employer status is coextensive with the FLSA's, but there is no case law to the contrary.").

    a) Formal Control

It is undisputed Plaintiff Yuan control his own work including working hours, rate and method of payment.

The partnership agreement between Plaintiff Yuan and Defendants established the relationship between the Plaintiff Yuan and Defendants. (Zhu Decl. ¶¶ 3). Defendants' Rule 56.1 Statement ¶¶ 2. The Plaintiffs contested the partnership agreement between parties due to the document itself does not bear the signature of Plaintiff Yuan. Plaintiffs Counter Rule 56.1 statement ¶¶ 2. However, a signature is not required for an agreement to be valid. It is undisputed that there is a manifestation of mutual consent of the said relationship. The text messages, between Plaintiff Yuan and Defendant Chen, which are examined during Plaintiff Yuan's deposition established the mutual understanding between the parties. (Zhu Decl. ¶¶ 4). Specifically, on or about June 5, 2018, Plaintiff Yuan scheduled one of his clients for dreadlock services. (Zhu Decl. ¶¶ 4). Plaintiff Yuan set the service fee for $100 and divided the income to Defendants for $40 pursuant to the agreement between parties. (Zhu Decl. ¶¶ 4).

Although the Plaintiff Yuan alleges that the Defendants have a set working hour and schedule, he did not work on those set schedules nor the Defendants exercised any control over Plaintiff Yuan's working schedule. The text messages between Plaintiff Yuan and Defendant Chen clearly established that since Plaintiff Yuan failed to appear for work, the Defendants are not even sure whether he is and will work for the Defendants or not. (Zhu Decl. ¶¶ 4) On one incident, Defendant Chen texted Plaintiff Yuan for the possibility to work in the Defendants. (Zhu Decl. ¶¶ 4). Plaintiff Yuan responded as he cannot schedule the time to work for Defendants because he scheduled his own clients for dreadlock service. (Zhu Decl. ¶¶ 4). In addition, Plaintiff Yuan

further pointed out that he would not schedule dreadlock himself on Friday, Saturday, and Sunday. On April 14, 2018, again, Defendant Chen inquired Plaintiff Yuan if he may come for work. In response, Plaintiff Yuan stated that he needs to perform dreadlock services and cannot work for the week. (Zhu Decl. ¶¶ 4).

The documentary evidence clearly established that Plaintiff Yuan set his own working hours and schedule at his convenience.

Further, the Defendants exercised no control over the service rate set by Plaintiff Yuan. (Rule 56.1 ¶¶ 5). Again, supported by the text messages between Plaintiff Yuan and Defendant Chen, Plaintiff Yuan take the money directly from the customers and notified the Defendants thereafter. (Zhu Decl. ¶¶ 4). Further, this incident clearly supports the manifestation of mutual consent between parties regarding the partnership agreement.

As such, most factors weight in favor of the Defendants under the formal control test.

b) Functional Control

The Defendants nor exercised functional control over the Plaintiff Yuan.

**1) the degree of control exercised by the employer over the workers**

Particularly relevant to the control factor is whether a worker is "free to set his own schedule and take vacations when he wished," *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 171 (2d Cir. 1998)

As discussed in formal control section, Plaintiff Yuan would control his own working schedule at his convenience as well as the rate charged to the customers.

Also, this District also inquires whether the Plaintiff was free to work for other competitors. *Saleem v. Corp. Transp. Grp., Ltd.,* 52 F. Supp. 3d 526, 538 (S.D.N.Y. 2014). See *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998) (finding the degree of control exercised by a delivery service over its drivers minimal where "[t]he drivers [could]

work for other courier delivery systems"). Here, Plaintiff Yuan worked in his own studio as well as other competitors. (Zhu Decl. ¶¶ 4).

The degree of control exercised by the Defendants is minor if any. Thus, this factor should weigh in favor of independent contractor status.

**2) the workers' opportunity for profit or loss and their investment in the business**

Plaintiff Yuan promote his service over WeChat, where the Defendants would not market their service. Rule 56.1 Statement ¶¶ 6. Plaintiffs Counter Rule 56.1 statement ¶¶ 6. Plaintiff Yuan would also purchase goods for his customers. Rule 56.1 Statement ¶¶ 13.  Although contested as it is not often time, it is undisputed that Plaintiff Yuan would invest his own money in customer relationships. Plaintiffs Counter Rule 56.1 statement ¶¶ 13. Therefore it is undisputed that Plaintiff Yuan would take substantial effort to obtain potential customers.

Thus, this factor weighs in favor of independent contractor status.

**3) the degree of skill and independent initiative required to perform the work**
The Plaintiffs contested Plaintiff Yuan was not specialized in dreadlock. Plaintiffs Counter Rule 56.1 statement ¶¶ 8. However, it is clear that to perform dreadlock service, specialized skills were required.

In addition, Plaintiff Yuan deems perform dreadlock service as his personal interest and enjoy to perform such services. Plaintiffs Counter Rule 56.1 statement ¶¶ 8. Plaintiff Yuan was actually exercised a significant degree of independent initiative. Evidenced by Plaintiff Yuan's WeChat posts, Plaintiff Yuan posted a significant amount of messages to solicit customers. Zhu Decl. ¶¶ 7. Although the Plaintiffs contested Plaintiff Yuan's posts are not for the purpose to solicit customers, it is undisputed Plaintiff Yuan posted numerous messages to ask people who have such interest to friend him on WeChat. Zhu Decl. ¶¶ 7.

This district found this factor in favor of the independent contractor status in the absence of a high degree of skill but independent initiative. *Saleem* at 542.

As such, this factor weighs in favor of independent contractor status.

**4) the permanence or duration of the working relationship**

It is undisputed that Plaintiff Yuan worked for both himself and other competitors of the Defendants.

When an individual is able to draw income through work for others, he is less economically dependent on his putative employer. *Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 141 (2d Cir. 2017).

Generally, the lengthy duration would weight in favor of a finding of employee status. *Saleem v. Corp. Transp. Grp., Ltd*., 52 F. Supp. 3d 526, 542 (S.D.N.Y. 2014).

The relationship as alleged by the Plaintiff last from August 1, 2016 to August 31, 2017 plus April 20, 2018 to October 31, 2018 for only one and half year with a seven-month break. In *Brock*, the Court noted plaintiffs were free to take extended breaks from work whenever they wish. *Brock*, 8140 F.2d at 1060.

Thus, the duration of the relationship weight in favor of independent contractor status.

In addition, based on the partnership agreement between parties, Plaintiff Yuan could terminate the agreement at will.

As demonstrated by text messages between the Plaintiff Yuan and Defendant Chen, Plaintiff Yuan would schedule his own clients for service besides Friday, Saturday, and Sunday. Plaintiff Yuan would also “help” other hair salons during his relationship with the Defendants. See e.g. *Freund v. Hi-Tech Satellite, Inc*., 185 F. App'x 782, 784 (11th Cir. 2006) (per curiam) (affirming district court's finding that worker's ability "to take jobs from" competitors, and to "take

as many or as few jobs as he desired," supported district court's conclusion that there was not a "significant degree of permanence" in the relationship at issue).

As such, this factor shall weight in favor of the independent contractor status.

**5) the extent to which the work is an integral part of the employer's business**

Plaintiff Yuan would rent or use the Defendants place to serve his client. Plaintiff Yuan promote his service over WeChat, where the Defendants would not market their service. Rule 56.1 Statement ¶¶ 6. Plaintiffs Counter Rule 56.1 statement ¶¶ 6. Under this circumstance, Plaintiff Yuan's work was not integral to the Defendants' business at all.

Plaintiff Yuan also operates his own personal studio to perform dreadlock service, which is unaffiliated with the Defendants. Plaintiff Counter Rule 56.1 Statement ¶¶ 4. Moreover, the Plaintiff Yuan would work for other hair salons as well.

Established by documentary evidence, Plaintiff Yuan posted extensive marketing materials on his WeChat. Rule 56.1 Statement ¶¶ 6. (Zhu Decl. ¶¶ 7).

Thus under *Brock*, Plaintiff Yuan is "in business himself." 840 F.2d at 1059 (2d Cir. 1988).

**CONCLUSION**

The Court should dismiss the Plaintiff Yuan's claim against the Defendants as Plaintiff Yuan was not an employee of the Defendants as there is neither formal control nor functional control over Plaintiff Yuan.