UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONG YUAN and XUANHAO XU, Individually and on Behalf of All Other Employees Similarly Situated,

    Plaintiffs,

-against-

& HAIR LOUNGE INC., & HAIR LOUNGE II INC., MIN FEI CHEN a/k/a Wendy Chen, and CHEN LUNG LU a/k/a Edison Lu, JOHN DOE #1-10 and JANE DOE #1-10,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/7/2022_

18 Civ. 11905 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On October 7, 2022, in a joint letter from the parties (the "Joint Letter"), Defendants informed the Court that they "propose[d] to raise a subject matter jurisdiction defense on the basis that Plaintiffs did not file consents to become parties plaintiff under the [Fair Labor Standards Act ("FLSA")]." ECF No. 153 at 1. Plaintiffs argued that, although they had not filed "documents under the heading 'consent to become party plaintiff,' both plaintiffs filed documents stating . . . the[ir] consent[] to be plaintiffs in this lawsuit on April 5, 2019," and that any deficiency could be cured *nunc pro tunc*. *Id.* On October 28, 2022, the Court ordered the parties to brief the issues raised in the Joint Letter. ECF No. 156. The Court has reviewed the parties' letters dated October 4 and 6, 2022. ECF Nos. 157–58.

    Defendants argue that "Plaintiffs' FLSA claims are time-barred" because "Plaintiffs failed to file a timely written consent to join in the collective action," "and neither declarations nor a *nunc pro tunc* can cure the deficiency." ECF No. 157 at 1–2.[1] Defendants state that Plaintiff, Dong Yuan, "did not file any written consent to sue when the [c]omplaint was filed or anytime thereafter during the course of the litigation," and that Plaintiff, Xuanhao Xu, "likewise did not file any written consent to sue." *Id.* at 2–3. Defendants claim that "Plaintiffs indicated, for the first time, that they wish to file their consents to sue on October 7, 2022, more than five years after Plaintiff . . . Y[uan]'s alleged employment with any Defendant ended, and almost four years after Plaintiff . . . X[u]'s alleged employment with any Defendant ended." *Id.* at 3. Defendants ask the Court to "summarily dismiss Plaintiffs' FLSA claims as time-barred." *Id.* at 5.

    Plaintiffs argue that the issues raised in the Joint Letter are moot because "upon closer inspection of the docket, it is evident that Plaintiffs actually filed their 'Consent to Sue' documents

---

[1] Although Defendants claimed to raise a "subject matter jurisdiction defense" in the Joint Letter, ECF No. 153 at 1, Defendants' arguments focus on whether Plaintiffs' claims are untimely. The Court has federal subject matter jurisdiction over Plaintiffs' FLSA claims and supplemental jurisdiction over Plaintiffs' state law claims. 28 U.S.C. §§ 1331, 1367(a).

more than timely, and shortly after they were signed." ECF No. 158 at 1 (emphasis omitted). Plaintiffs' current counsel state that they "overlooked these filings" made by Plaintiffs' prior counsel when the parties submitted the Joint Letter. *Id.*

The FLSA provides for a two-year statute of limitations on actions to enforce its provisions and allows a three-year statute of limitations period for "willful" violations. 29 U.S.C. § 255(a). Collective actions are "considered to be commenced . . . (a) on the date when the complaint is filed, if [the individual claimant] is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if [the individual claimant's] name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced." *Id.* § 256.

Defendants' contention that "Plaintiffs indicated, for the first time, that they wish to file their consents to sue on October 7, 2022," ECF No. 157 at 3, misrepresents the record. Yuan filed his consent form on December 20, 2018, ECF No. 8-1, and Xu filed his consent form on March 28, 2019, ECF No. 26-2. Yuan alleges that he worked at Defendant, & Hair Lounge Inc. ("& Hair Lounge"), from August 1, 2016, to August 31, 2017, and at Defendant, & Hair Lounge II Inc. ("& Hair Lounge II"), from April 20, 2018, to October 31, 2018. ECF No 31 ¶ 7; *see also* ECF No. 8 ¶ 7. Xu alleges that he worked at & Hair Lounge II from May 1, 2018, to August 4, 2018, and at & Hair Lounge from August 5, 2018, to October 28, 2018. ECF No. 31 ¶ 8. Plaintiffs allege willful violations of the FLSA. *See, e.g.*, ECF No. 31 ¶¶ 1–2, 4, 21, 23, 35, 45–46. Therefore, Plaintiffs timely filed their consent forms under 29 U.S.C. § 255(a). Accordingly, Defendants' request that the Court dismiss Plaintiffs' claims as time-barred is DENIED.

The parties are reminded that, prior to the final pretrial conference on November 15, 2022, counsel for both parties, along with the parties, are directed to meet in person for at least an hour to discuss settlement of this matter. ECF No. 146.

SO ORDERED.

Dated: November 7, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge