```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
DONG YUAN, and
XUANHAO XU,
*on behalf of themselves and others similarly situated,*

                        Plaintiffs,

    -against-

& HAIR LOUNGE INC.,
& HAIR LOUNGE II INC.,
MIN FEI CHEN
    a/k/a Wendy Chen,
CHEN LUNG LU
    a/k/a Edison Lu,
JOHN DOE #1-10, and
JANE DOE #1-10,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/10/2022
```

18 Civ. 11905 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed the parties' letters dated November 9, 2022. ECF Nos. 161–63. Defendants request "leave to amend the proposed joint pretrial order submitted on October 7, 2022 (ECF No. 153)." ECF No. 161 at 1. In particular, Defendants "seek to introduce deposition testimony of [D]efendants Chen Lung Lu [a/k/a Edison Lu] and Min Fei Chen [a/k/a Wendy Chen] in lieu of live testimony because they are unavailable to attend trial currently scheduled for November 21, 2022." *Id.*[1] Defense counsel states "that both Lu and Chen reside in Taiwan and cannot return," ECF No. 161 at 2 n.2, and that Lu and Chen "[cannot] afford to return to New York in time," *id.* at 2. Defendants' letter also notes that "the deposition transcripts will be the only testimony offered by Defendants and denial would result in substantial injustice in that Defendants' side of the story may never be heard by the factfinder, since the non-party witnesses previously listed are expected not to attend the trial." *Id.* at 2. Defendants argue that their "amendment is warranted under both [Federal] Rule [of Civil Procedure] 16 and Rule 32 because defense witnesses are unavailable pursuant to Rule 32(a)(4)(B)." *Id.* Plaintiffs oppose Defendants' request, arguing that Defendants' "contemplated motion . . . should not be granted at this late stage because Defendants passed up numerous opportunities to seek their requested relief, and because Defendants' contemplated motion would be futile." ECF No. 162 at 1.

    Lu has repeatedly requested to delay or adjourn trial since the Court tried to set a trial date for this action. *See, e.g.*, ECF Nos. 121, 123, 135–37, 139–41, 146, 148, 154. On August 11,

---

[1] Lu is "the corporate representative" for corporate Defendants & Hair Lounge Inc. and & Hair Lounge II Inc. *See* ECF No. 123; *see also* ECF No. 106-1 at 7 ("Lu is a boss and owner of Defendant[,] & Hair Lounge, Inc. . . . . Lu and . . . Chen[] both made business decisions together for the [c]orporate Defendants . . . . [Lu] was known by his girlfriend and co-owner of & Hair Lounge [Chen] . . . as the owner and boss[.]").

2021, Defendants were "unavailable for the fo[u]rth calendar quarter of 2021 for the trial" because Lu was "planning to leave the U.S. to visit his dying father who [was] hospitalized in Taiwan, China." ECF No. 123. On November 10, 2021, Lu claimed that he would "not be available for trial in the first quarter of 2022" because he was in "Taiwan visiting his father, who [was] hospitalized [and] . . . kept in intensive care." ECF No. 136. Lu's one-page letter did not append any proof of travel or of his father's medical condition. The Court rescheduled the trial to November 21, 2022, because of Lu's purported unavailability. ECF Nos. 137, 141, 146; *see also* ECF No. 148. On October 12, 2022, Lu requested to adjourn trial because he "went back to China earlier [in 2022] to take care of his family member who is in critical medical condition," ECF No. 154 at 1, and that he was "unable to return to the United States" due to China's "COVID regulations," *id.* Lu appended a declaration to his October 12, 2022 request that did not contain proof of travel or of any medical issues. ECF No. 154-1. The Court denied this request for an adjournment as untimely and "directed [Lu] to return to the United States for trial." ECF No. 155 at 2.[2] On November 9, 2022, at the eleventh hour, Defendants filed a letter seeking to offer deposition testimony instead of live testimony for Lu and Chen because Lu *and Chen* are "unavailable." ECF No. 161 at 1. Chen, Lu's partner, informs the Court for the first time that she also "traveled to Taiwan . . . to visit [Lu's] father, who fell seriously ill to [sic] COVID-19." ECF No. 163-1 ¶ 3. Chen states in a declaration that she and Lu "both now live in Taiwan and could not return to the U.S. for the trial scheduled for November 21, 2022, because . . . Lu's father requires assisted living and in-home personal care." *Id.* ¶ 4. Lu's declaration indicates that the couple "[is] unable to return to the United States for the trial" because they "are in Taiwan taking care of [his] father, who suffers from diabetes and heart diseases." ECF No. 163-2 ¶ 5. Neither declaration appends any records or other evidence to support these claims. ECF Nos. 163-1–2.

Defendants' request is untimely and unsubstantiated. Even if that were not the case, Defendants cannot offer deposition testimony at trial in lieu of live testimony under these circumstances, where "it appears that the witness'[] absence [is being] procured by the part[ies] offering the deposition." Fed. R. Civ. P. § 32(a)(4)(B). Defendants cite otherwise inapposite caselaw. ECF No. 161. Accordingly, Defendants' request to amend the proposed joint pretrial order, ECF No. 153, to introduce Lu and Chen's deposition testimony is DENIED.

By **November 11, 2022**, at **12:00 p.m.**, Plaintiffs shall advise the Court whether, instead of proceeding with trial without Defendants, Plaintiffs intend to move for default judgment and an inquest.

SO ORDERED.

Dated: November 10, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] On November 7, 2022, the Court also denied Defendants' October 7, 2022 request to dismiss Plaintiffs' claims as time-barred, ECF Nos. 153, 157. ECF No. 159.