UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONG YUAN, and
XUANHAO XU,
*on behalf of themselves and others similarly situated,*

                                      Plaintiffs,

-against-

& HAIR LOUNGE INC.,
& HAIR LOUNGE II INC.,
MIN FEI CHEN
    a/k/a Wendy Chen,
CHEN LUNG LU
    a/k/a Edison Lu,
JOHN DOE #1-10, and
JANE DOE #1-10,

                                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/2022

18 Civ. 11905 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Court has reviewed the parties' letters dated November 11 and 13, 2022. ECF Nos. 165–68. On November 11, 2022, Defendants moved for reconsideration of the Court's November 10, 2022 order (the "November 10 Order"), ECF No. 164, "to the extent that it grants default judgment against . . . corporate [D]efendants" & Hair Lounge Inc. and & Hair Lounge II Inc. (together, the "Corporate Defendants"). ECF No. 166 at 4.

       In the November 10 Order, the Court denied Defendants' request to amend the proposed joint pretrial order such that the deposition testimony of Defendants Chen Lung Lu a/k/a Edison Lu and Min Fei Chen a/k/a Wendy Chen (together, the "Individual Defendants") would be substituted for their live testimony. ECF No. 164. Until that date, defense counsel had represented that neither the Individual Defendants nor Defendants' non-party witnesses would appear at trial. ECF No. 161 at 2. Lu is the corporate representative for the Corporate Defendants, and Chen made business decisions with Lu on behalf of the Corporate Defendants. ECF No. 164 at 1 n.1. Because Defendants had stated they would not appear at trial, the Court ordered Plaintiffs to inform the Court whether Plaintiffs "intend[ed] to move for default judgment and an inquest" "instead of proceeding with trial without Defendants." *Id.* at 2.

       On the morning of November 11, 2022, Plaintiffs did so. ECF No. 165. Plaintiffs also requested: (1) to have until December 12, 2022, to move for default judgment; (2) that the final pretrial conference scheduled for November 15, 2022, "be adjourned as moot or converted to a status conference"; and (3) that the A/V training scheduled for November 15, 2022, "be adjourned once the inquest hearing is set." *Id.* On November 11, 2022, at 12:22 p.m., the Court advised the parties that it would file an order on November 14, 2022, granting Plaintiffs' request to move for

a default judgment and an inquest, adjourning the final pretrial conference, and vacating the trial date.[1]

On the evening of November 11, 2022, Defendants filed their motion for reconsideration, stating that "trial may still proceed against the [C]orporate [D]efendants." ECF No. 166 at 4. Defendants argue that, although the Individual Defendants would not appear, the "[C]orporate [D]efendants . . . are willing and ready to proceed to trial where their counsel is expected to act as custodian for the records as well as advocate." *Id.* at 2.[2] Defense counsel states that, were trial to proceed without the Individual Defendants, defense counsel would cross-examine Plaintiffs. ECF No. 167. Defense counsel does not explain whether Defendants would present a case at trial.

Defendants' motion for reconsideration is DENIED as moot because there has been no finding of default as to any defendant. Plaintiffs have not formally moved for a default judgment pursuant to the procedure set forth in the Court's Individual Practices in Civil Cases.

Now that defense counsel has committed to representing the Corporate Defendants, defense counsel is directed to also defend the Individual Defendants, regardless of whether the Individual Defendants appear at trial. **To be clear, all parties—Plaintiffs, the Corporate Defendants, and the Individual Defendants—are required to appear at trial.**

The parties and their counsel are directed to appear for the final pretrial conference on **November 15, 2022**, at **1:00 p.m.** and trial on **November 21, 2022**, at **9:00 a.m.**, both in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New York 10007.[3]

The parties are further directed to deliver to the Court two courtesy copies of each documentary exhibit sought to be admitted at trial, pre-marked (i.e., labeled with exhibit stickers) and assembled sequentially in a loose-leaf binder or in separate manila folders labeled with the exhibit numbers and placed in a suitable container for ready reference. *See* ECF No. 121.

SO ORDERED.

Dated: November 13, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] This not-yet-docketed order is hereby vacated. Plaintiffs' request to move for default judgment is DENIED without prejudice to renewal. Plaintiffs' requests to adjourn the final pretrial conference and the A/V training are DENIED.
[2] Defense counsel represents that he has "actively sought, albeit unsuccessfully, to produce the corporate witnesses to attend the trial." ECF No. 166 at 2.
[3] The A/V training for the parties is RESCHEDULED to **November 15, 2022**, at **2:00 p m.**